UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER M. WILSON,

Petitioner,

v.

T. L. GONZALES, Warden,

Respondent.

1:11-cv-02088-JLT HC

FINDINGS AND RECOMMENDATIONS TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b)

ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO A FEDERAL DISTRICT JUDGE

ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the petition filed on December 19, 2011, Petitioner challenges his 2003 conviction in Kern County Superior Court for receiving stolen property and obstruction of a police officer. As a result of California's Three Strikes Law, Petitioner was sentenced to a prison term of twenty-five years to life. (Doc. 1, p. 1).

A review of the Court's dockets and files, as well as Petitioner's own admission in the

petition, shows Petitioner has previously sought habeas relief with respect to this conviction.[1] In case no. 1:07-cv-00436-MLH-CAB HC, Petitioner raised the following grounds for relief: (1) insufficient evidence to convict Petitioner on the substantive charges; (2) improper merger in the substantive convictions; (3) improper denial of a continuance; (4) improper response by the trial judge to a juror query regarding punishment; (5) instructional error; and (6) cumulative error. On June 17, 2009, the Court denied that petition on its merits and entered judgment against Petitioner. Subsequently, on August 12, 2011, the United States Court of Appeals for the Ninth Circuit dismissed the appeal and declined to issue a Certificate of Appealability. The Court's records indicate that, on review, the United States Court of Appeals for the Ninth Circuit denied issuance of a certificate of appealability.

In the latest petition, Petitioner contends, in addition to his claims of ineffective assistance of counsel, that "newly discovered evidence" in the form of Petitioner's disadvantaged childhood and his mental and emotional problems should have been raised during trial proceedings, especially during the hearing to dismiss one of the prior strikes and during his sentencing hearing. Petitioner also contends that his petition is timely, or if untimely, should be excused for good cause, and that the petition, though successive, should be allowed because he did not understand the claims raised in the first petition, which had been prepared by another inmate, and because of the "newly discovered evidence" referred to above.

**DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides

---

[1] The Court takes judicial notice of the docket in case no. 1:02-cv-05251-REC-BAK HC. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal.1978), aff'd, 645 F.2d 699, (9th Cir.) (Judicial notice may be taken of court records).

whether a second or successive petition meets these requirements, which then allow a petitioner to file a second or successive petition.[2]

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court*. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition *because a district court lacks subject-matter jurisdiction over a second or successive petition*. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking his 2003 Kern County conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

**ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

///

[2] This is where Petitioner's reasoning goes seriously awry. Petitioner makes various claims about why a second and successive petition should be permitted. However, this Court has no authority to consider those reasons. Only the Ninth Circuit can determine whether a second and successive petition should be allowed. Accordingly, Petitioner must makes his arguments to the Ninth Circuit, not this Court.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 3, 2012**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE