IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. WILSON, | 1:11-cv-02088-LJO-JLT (HC) |
|     Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. 10) |
|     vs. | |
| T. L. GONZALEZ, | ORDER GRANTING PETITIONER'S FIRST MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |
|     Respondent. | |
| _____/ | (Doc. 12) |
| | TWENTY DAY DEADLINE |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254. On January 3, 2012, the Court issued Findings and Recommendations to dismiss the petition as successive. (Doc. 9). Those Findings and Recommendations permitted any party to file objections within twenty days. On January 12, 2012, Petitioner filed a motion requesting that this Court order Respondent to ensure that Petitioner has access to the prison law library, or, alternatively, provide Petitioner with the assistance of someone trained in the law. (Doc. 10). On January 20, 2012, Petitioner filed a motion to extend time to file objections to the findings and recommendations by ninety days, citing his lack of access to the prison law library as grounds therefore. (Doc. 12).

Regarding Petitioner's access to the prison law library, the only issue presented in the Findings and Recommendations was whether Petitioner had previously obtained permission of the Ninth Circuit to file a successive petition. In the absence of such permission, the Court has no alternative but to dismiss the successive petition. Since the issue of whether Petitioner previously obtained appellate permission to file the instant petition does not require legal research, but is, instead, a factual question, Petitioner does not require additional access to the prison law library beyond what he already has available to him in order to file his objections to the Magistrate Judge's Findings and Recommendations.

However, in an excess of caution, the Court also construes Petitioner's January 12, 2012 motion as a motion for appointment of counsel. The Court also denies that motion. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, and for the reasons set forth above, the Court does not find that the interests of justice require the appointment of counsel at the present time.

Regarding Petitioner's motion for an extension of time to file objections, the Court notes that, when good cause is shown, it normally grants extensions of time only in thirty-day increments, and only grants extensions of time for filing objections in twenty-day increments. Here, Petitioner's lack of access to the prison law library, though only marginally qualifying as good cause under these circumstances, will be granted on this occasion and the time for filing objections will be extended by twenty days. However, Petitioner is forewarned that ***no further extensions of time will be granted except on a showing of extraordinary circumstances beyond Petitioner's control.*** Ongoing and persistent limitations on a prisoner's access to the prison law library are not extraordinary circumstances since all state prison inmates are subject to those same circumstances.

///

1   Accordingly, it is HEREBY ORDERED as follows:

2   1.  Petitioner's motion for extension of time (Doc. 12), is GRANTED.  Petitioner is granted twenty (20) days from the date of service of this order in which to file objections to findings and recommendations; and,

2.  Petitioner's motion for increased access to the prison law library or, alternatively, for appointment of counsel (Doc. 10), is DENIED.

IT IS SO ORDERED.

Dated:   **February 7, 2012**                              **/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE