# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. WILSON,<br><br>    Petitioner,<br><br>    v.<br><br>T. L. GONZALEZ, Warden,<br><br>    Respondent. | Case No.: 1:11-cv-02088-LJO-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 21) |

    Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**<u>PROCEDURAL HISTORY</u>**

    The instant petition was filed on December 19, 2011. (Doc. 1). On January 3, 2012, the Magistrate Judge entered Findings and Recommendations to dismiss the petition as successive. (Doc. 9). On April 19, 2012, the district court judge adopted those Findings and Recommendations, entered

1

judgment against Petitioner, and ordered the file closed. (Doc. 19). On May 15, 2012, Petitioner filed the instant motion for reconsideration. (Doc. 21). As grounds for reconsideration, Petitioner appends an order of the United States Court of Appeals for the Ninth Circuit, dated May 8, 2012, indicating that Petitioner has filed a request to submit a successive petition and that the Ninth Circuit has ordered Respondent to file a response. (Doc. 21, p. 6). Based upon the foregoing, Petitioner requests that this Court set aside the judgment and re-hear the case.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

2

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

Although in the period after entry of judgment and prior to the filing of Petitioner's motion to reconsider, the Ninth Circuit has received, processed, and is now reviewing Petitioner's request to file a successive petition, such events provide no basis for reconsideration. Unless and until the Ninth Circuit actually grants such permission to Petitioner, this Court lacks the legal authority to consider a successive petition. The mere fact that Petitioner's belated request is now pending before the Ninth Circuit does not alter this conclusion, nor does it provide any legal basis for this Court to assert a habeas jurisdiction that it presently lacks.

## ORDER

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 21), is DENIED.

IT IS SO ORDERED.

Dated: **May 24, 2012**          **/s/ Lawrence J. O'Neill**
                                   UNITED STATES DISTRICT JUDGE